BAM/USAO# 2020R0442

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. JRR-24-229 |
| | * | |
| MODUPE MOBOLANLE | * | (Wire Fraud, 18 U.S.C. § 1343; |
| ADERINOKUN, | * | Forfeiture, 18 U.S.C. § 981(a)(1)(C), 21 |
| | * | U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| a/k/a "Modupe Ogunbayo," | * | |
| | * | |
| Defendant. | * | |
| | * | |

*******

## INFORMATION

### COUNT ONE
### (Wire Fraud)

The United States Attorney for the District of Maryland charges that:

At times relevant to this Information:

1. Defendant **MODUPE MOBOLANLE ADERINOKUN, a/k/a "Modupe Ogunbayo"** ("**ADERINOKUN**"), was an employee of the Internal Revenue Service ("IRS") and a resident of Sykesville, Maryland.

2. **ADERINOKUN** was the founder of Arbitrage Partners, LLC, which was a Maryland limited liability company formed on or about January 14, 2015 ("ARBITRAGE").

3. The United States Small Business Administration ("SBA") was a federal government agency.

### The COVID-19 Economic Disaster Injury Loan Program

4. In response to the COVID-19 pandemic, the United States expanded an existing disaster-related program—the Economic Injury Disaster Loan ("EIDL")—to provide for loan assistance (including $10,000 advances) for small businesses and other eligible entities for loans

up to $2 million.

5. The EIDL proceeds could have been used to pay fixed debts, payroll, accounts payable, and other bills that could have been paid had the disaster not occurred; however, such loan proceeds were not intended to replace lost sale or profits, or for the expansion of a business. Unlike certain other types of SBA-guaranteed loans, EIDL funds were issued directly from the United States Treasury, and applicants applied for EIDL funds directly through the SBA, via an online portal and application.

6. The EIDL application process, which also used certain outside contractors for system support, collected information concerning the business and the business owner, including information as to the gross revenues for the 12 months prior to the disaster (January 31 2020), the cost of goods sold, and information as to any criminal history of the business owner. Applicants electronically certified that the information provided was true and accurate and were warned that any false statement or misrepresentation to the SBA, or any misapplication of the loan proceeds may result in sanctions, including criminal penalties.

7. EIDL applications were received in and processed using computer servers also located outside Maryland. EIDL disbursement payments were initiated by the SBA using computer servers located in the state of Colorado, which transmitted the payment information to the Treasury using computer servers located in the state of Virginia.

**The Scheme to Defraud**

8. Beginning in or about August 2020 and continuing through in or about January 2021, in the District of Maryland, and elsewhere, the defendant,

**MODUPE MOBOLANLE ADERINOKUN,**
a/k/a "Modupe Ogunbayo,"

did knowingly and willfully devise and intend to devise a scheme and artifice to defraud the SBA

and the United States Department of Treasury, to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme to defraud, did knowingly and willfully transmit and cause to be transmitted by means of wire communications, in interstate commerce, writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343.

### The Object of the Scheme to Defraud

9. It was the object of the scheme to defraud for **ADERINOKUN** to unjustly enrich herself by unlawfully obtaining EIDL benefits, during the COVID-19 pandemic, through materially false and fraudulent pretenses, representations, and promises.

### Manner and Means of the Scheme to Defraud

It was part of the scheme to defraud that:

10. **ADERINOKUN** knowingly created and caused to be created a materially false EIDL application.

11. **ADERINOKUN** purposely used inflated gross receipts and eliminated the cost of goods sold on the EIDL application to maximize the EIDL benefit amount.

12. **ADERINOKUN** falsely inputted $315,500 for ARBITRAGE's gross revenues for the twelve months prior to the disaster on the EIDL application when the gross receipts for ARBITRAGE listed on **ADERINOKUN**'s 2019 Form 1040 were $8,555.

13. **ADERINOKUN** falsely inputted $0 for ARBITRAGE's cost of goods on the EIDL application when the cost of goods sold listed for ARBITRAGE on her 2019 Form 1040 was $5,985.

14.     **ADERINOKUN** made materially false and fraudulent representations to the SBA to obtain EIDL benefits for **ARBITRAGE**, resulting in interstate wire communications from Maryland to SBA servers located elsewhere.

15.     **ADERINOKUN** caused EIDL benefits to be distributed through interstate wire communications into a bank account **ADERINOKUN** designated and controlled.

## THE CHARGE

16.     On or about August 6, 2020, in the District of Maryland and elsewhere, **ADERINOKUN**, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, did knowingly transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signals, signs and sounds, namely an application to the SBA for a $150,000 EIDL for Arbitrage Partners, LLC, which resulted in an interstate wire communication from Maryland to a location outside of Maryland.

18 U.S.C. § 1343

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further alleges that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction of the offense alleged in Count One of this Information.

### Wire Fraud Forfeiture

2. Upon conviction of the offense alleged in Count One, the defendant,

**MODUPE MOBOLANLE ADERINOKUN**
a/k/a "Modupe Ogunbayo"

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, including, but not limited to, a forfeiture money judgment in the amount of at least $149,900 in U.S. Currency equal to the proceeds the defendant obtained as a result of the scheme to defraud.

### Substitute Assets

3. If, as a result of any act or omission by the Defendant, any of the property described above as being subject to forfeiture,:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

e. has been comingled with other property which cannot be divided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Erek L. Barron /BAM*
Erek L. Barron
United States Attorney